UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON KRIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | CIVIL ACTION NO. |
| UNITED REVENUE CORPORATION & | ) | |
| EXPERIAN INFORMATION | ) | 3:19-CV-2954-G |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant United Revenue Corporation's motion to dismiss plaintiff's original complaint and brief in support ("Motion") (docket entry 6).  The plaintiff Brandon Krier ("Krier") filed his original complaint on December 16, 2019, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Complaint and Jury Demand ("Complaint") (docket entry 1).  For the reasons set forth below, the motion to dismiss is **GRANTED** in part and **DENIED** in part.

## I.  BACKGROUND

### A.  Factual Background

This suit arises from the issuance of an allegedly misleading and inaccurate credit report pertaining to Krier.

Krier alleges the following:

Krier is a resident of Texas.  Complaint, ¶ 9.  The defendant United Revenue Corporation ("United") is engaged in the business of collecting debts, *id.*, ¶ 12, and the defendant Experian Information Solutions, Inc. ("Experian") "is a 'consumer reporting agency that compiles and maintains files on consumers on a nationwide basis' as defined by 15 U.S.C. § 1681a(p)," *id.*, ¶ 17.[1]

In or about February 2016, a debt that Krier allegedly owed to a third party ("the debt") "was placed for collection with" United.  Plaintiff's Memorandum in Opposition to Defendant United Revenue Corporation's Motion to Dismiss Plaintiff's Complaint ("Response") (docket entry 12) at 1.  Some time thereafter, United began to attempt to collect on the debt.  Complaint, ¶ 19.

United voluntarily reported Krier's collection account to various credit reporting agencies ("CRA's"), Experian among them.  *Id.*, ¶ 20; Response at 1. United began reporting Krier's collection account to Experian in or about July 2016. Response at 1.  Krier disputes his obligation to pay the debt.  On April 27, 2018, Krier sent a letter (through an attorney acting on Krier's behalf) to Experian, disputing the accuracy of Krier's account with United.  Complaint, ¶ 22; Complaint, Exhibit A ("Dispute Letter") (docket entry 1-1).

---

[1]     Experian is not a party to United's motion to dismiss.

Krier asserts that after he sent his dispute letter to Experian, United was "contacted by the Consumer Reporting Agenc[y]" and received "information of the dispute." Complaint, ¶¶ 26, 88. United then furnished information to Experian regarding Krier's account, but did not indicate to Experian that the account had been disputed by Krier. *Id.*, ¶ 29; Response at 7 ("Plaintiff gave notice to Defendant Experian, . . . Defendant Experian notified [United] of such, and [United] failed to include the proper update when voluntarily reporting the account.").

On or about December 26, 2018, Krier received an updated credit report from Experian. *Id.* at 1; Complaint, ¶ 23. The credit report indicates that United furnished information about Krier's account to Experian on December 14, 2018. Complaint, Exhibit B ("The Credit Report") (docket entry 1-2); Response at 1-2. The credit report also lists Krier's account as "past due as of [December] 2018," *see* The Credit Report; however, the report does not reflect the fact that Krier disputes his obligation to pay the debt, Complaint, ¶ 28.

Krier alleges that United's failure to notify Experian of Krier's dispute, and Experian's December 2018 credit report, caused Krier to suffer harm in the form of credit denials caused by the defendants' false credit reporting. *Id.,* ¶ 37. Krier also alleges that he suffered various other harms due to the defendants' conduct, including "inconvenience, lost economic opportunity, loss of incidental time,

frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees[,]" among others.  *Id.*, ¶ 38.

## B.  Procedural Background

Krier filed his original complaint on December 16, 2019, alleging the following seven counts: (1) violations of 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA") against United; (2) violations of Sections 1692d & 1692f of the FDCPA against United; (3) violation of 15 U.S.C. § 1681c(f) of the Fair Credit Reporting Act ("FCRA") against Experian; (4) violation of Section 1681s-2(a)(3) of the FCRA against United and Experian; (5) violation of Section 1681i(a)(1)(A) of the FCRA against Experian; (6) violation of Section 1681i(a)(5) of the FCRA against Experian, and; (7) violation of Section 1681s-2(b)(1) of the FCRA against United and Experian.  Complaint at 5-14.

United filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on January 13, 2020.  *See* Motion.  United asserts that the plaintiff's FDCPA claims are time-barred under the applicable one-year statute of limitations, and that the plaintiff fails to state a claim under the FDCPA upon which relief may be granted.  *Id.* at 7-13.  United also argues that the plaintiff's claim for violation of Section 1681s-2(a) of the FCRA fails as a matter of law, and that the plaintiff fails to state a claim under Section 1681s-2(b) of the FCRA.  *Id.* at 4-5, 14.

- 4 -

On January 23, 2020, Krier filed his response to the motion.  *See* Response.  In his response, Krier concedes that Section 1681s-2(a) of the FCRA does not provide a private right of action.  *Id.* at 3.  Accordingly, Krier's Section 1681s-2(a) claim is dismissed.  Krier, however, maintains that his remaining claims against United were sufficiently pled.

 On February 6, 2020, United filed a reply in support of its motion. Defendant United Revenue Corporation's Reply in Support of its Motion to Dismiss and Brief in Support ("Reply") (docket entry 14).  On February 13, 2020, Krier filed a motion for leave to file a surreply (docket entry 15), which the court granted.  On March 12, 2020, Krier filed his surreply.  Plaintiff's Surreply in Opposition to Defendant United Reve[n]ue Corporation's Motion to Dismiss Plaintiff's Complaint (docket entry 20).  United's motion to dismiss is therefore ripe for consideration.

## II.  ANALYSIS

### A.  Legal Standard for Rule 12(b)(6) Motions to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (quoting Federal Rule of Civil Procedure 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." *See id*. at 679, 683.

## B. Application

United seeks dismissal of Krier's claims for violations of Sections1692e, 1692d, and1692f of the FDCPA, and violation of Section 1681s-2(b)(1) of the FCRA. United asserts that Krier's FDCPA claims are time-barred. The court therefore considers the timeliness of Krier's FDCPA claims before turning to the sufficiency of his pleadings. For the reasons discussed below, the court concludes that Krier timely filed his FDCPA claims.

### 1. *Krier Timely Filed His FDCPA Claims*

FDCPA claims are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."). "The

- 7 -

FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened." *Rotkiske v. Klemm*, ⸺ U.S. ⸺, 140 S. Ct. 355, 360 (2019).

The parties agree that the limitations period on Krier's FDCPA claims began to run on December 14, 2018, when United allegedly furnished Experian with updated information about Krier's account.  The parties disagree, however, on when the limitations period ended.  United argues that, because Krier filed his FDCPA claims on December 16, 2019 (more than one year after the limitations period was triggered), Krier's FDCPA claims are time-barred.  Motion at 7.  Krier rejoins that, because the one-year limitations period on his claims would have expired on a Saturday and he filed his complaint on the following Monday, his filing was rendered timely by Rule 6(a) of the Federal Rules of Civil Procedure.   Response at 3-4.  The court agrees with Krier.

"The Fifth Circuit follows the 'majority rule' to apply Rule 6 . . . to compute the time periods contained in federal statutes of limitations." *Mackie v. Post, Buckley, Schuh & Jernigan, Inc.*, No. CIV.A. SA09CV737-XR, 2010 WL 538234, at *1 (W.D. Tex. Feb. 5, 2010) (quoting *In re Gotham Provision Co., Inc.*, 669 F.2d 1000, 1014 (5th Cir. 1982)).  Rule 6(a)(1) provides that when a time "period is stated in days or a longer unit of time[,]" the computation of the period "exclude[s] the day of the event that triggers the period[,]" and "include[s] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the

end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1).

United argues that Rule 6 does not apply to FDCPA claims. Reply at 1-4. In support of this argument, United relies on a case from the Eighth Circuit, *Mattson v. U.S. West Communications, Inc.,* in which the court found Rule 6(a) inapplicable to the FDCPA's one-year limitations period. 967 F.2d 259, 262 (8th Cir. 1992). United's argument and *Mattson* are doubly contrary to binding Fifth Circuit precedent.

First, the Fifth Circuit has "consistently used Rule 6(a)'s method for computing federal statutory time limitations." *In re Gotham Provision Co., Inc.,* 669 F.2d 1000, 1014 (5th Cir.), *cert. denied,* 459 U.S. 858 (1982); *Lawson v. Conyers Chrysler, Plymouth and Dodge Trucks, Inc.,* 600 F.2d 465, 466 (5th Cir. 1979); see also *Federal Deposit Insurance Corporation v. Enventure V,* 77 F.3d 123, 125-26 (5th Cir. 1996) (affirming *Lawson*'s application of Rule 6(a) to a federal statute containing a limitations provision substantially similar to that of the FDCPA).[2] Second, the Fifth

---

[2] The *Enventure V* court affirmed *Lawson*'s application of Rule 6(a) to the statute of limitations contained in the Truth in Lending Act ("TILA"). *Enventure V,* 77 F.3d at 125. The limitations provision contained in the TILA states that "[a]ny action under this section may be brought . . . *within one year* from the date" of the triggering event. 15 U.S.C. § 1640(e) (emphasis added). The *Enventure V* court concluded that "[t]he phrase 'within one year' is vague as to when the limitations period is to begin and end and thus the [*Lawson*] court properly applied Rule 6(a) in determining the calculation of the [TILA] limitations period." *Enventure V,* 77 F.3d at 125. The FDCPA, like the TILA, contains a limitations period that allows a plaintiff to file a claim "within one year" from the triggering date. *Compare* 15

Circuit has specifically found Rule 6(a) applicable to the FDCPA's limitations period. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 449 (5th Cir. 2013) ("Onwuteaka argues that (assuming August 14[, 2010] was the trigger date) Serna would have been required to file his [FDCPA claims] by August 14, 2011; however, because that date was a Sunday, [Serna's] limitations period expired on [Monday] August 15, 2011.  *See* FED. R. CIV. P. 6(a)(1)(A), (C).").

Here, the one-year limitations period on Krier's FDCPA claims was triggered on December 14, 2018, and the one-year anniversary of the triggering event was December 14, 2019.  Because December 14, 2019 was a Saturday, the limitations period on Krier's FDCPA claims continued to run until the end of the next day that was not a Saturday, Sunday, or legal holiday, *i.e.*, Monday, December 16, 2019.  *See* FED. R. CIV. P. 6(a)(1)(A), (C).  Accordingly, the court concludes that Krier's FDCPA claims, filed on December 16, 2019, were timely filed.

### 2.   *Krier's Claims for Violation of the FDCPA*

The FDCPA "makes it unlawful for a debt collector to 'use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'"  *Tejero v. Portfolio Recovery Associates, L.L.C.*,  ⸺ F.3d ⸺, No. 18-50661, 2020 WL 1671558, at *1 (5th Cir. Apr. 6, 2020) (quoting 15 U.S.C. § 1692e).

---

U.S.C. § 1692k(d) *with* 15 U.S.C. § 1640(e).  Accordingly, *Enventure V* counsels that Rule 6(a) is applicable to the limitations period contained in the FDCPA.

Krier alleges that United violated Sections 1692e(8), 1692d, and 1692f of the
FDCPA.  The court considers each statutory provision in turn.

a.  *Section 1692e(8)*

Krier claims that United violated Section 1692e(8) of the FDCPA by failing to
include notice of Krier's dispute in the account update that United allegedly
furnished to Experian on December 14, 2018.  Complaint at 5-8.  Section 1692e(8)
prohibits a debt collector from communicating "to any person credit information
which is known or which should be known to be false, including the failure to
communicate that a disputed debt is disputed."  15 U.S.C. § 1692e(8).  United
argues that Krier fails to state a claim under Section 1692e(8) because (1) Krier
never disputed the debt directly to United, and (2) Krier fails to support his
allegation that Experian notified United of Krier's dispute.  Motion at 13.  The court
finds these arguments unpersuasive.

First, although Krier does not allege that he directly notified United of his
dispute, Section 1692e(8) does not require a plaintiff to notify a debt collector
directly.  Rather, a debt collector can be held liable under Section 1692e(8) for
communicating credit information which the debt collector knows or should know to
be false, irrespective of the source of such knowledge.  *See* 15 U.S.C. § 1692e(8);
*Sayles v. Advanced Recovery Systems, Inc.*, 865 F.3d 246, 249-50 (5th Cir. 2017)
(quoting  *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 67 (1st Cir. 1998))

("[Section 1692e(8)'s] 'knows or should know' standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired.").  Thus, the fact that Krier did not notify United of his dispute directly is not dispositive of whether United knew or should have known about Krier's dispute.

Second, the court concludes that Krier's allegations give rise to a plausible inference that United violated Section 1692e(8).  Krier alleges that he notified Experian of his dispute by letter on April 27, 2018, and that Experian had a duty under the FCRA to report the dispute to United.  Complaint at 4; Response at 8-9. Experian was required by law to notify United (as furnisher of the disputed information) of the dispute within five business days of receiving Krier's letter.  See *Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp. 2d 786, 795 (N.D. Tex. 2014) (Lynn, J.) (citing 15 U.S.C. § 1681i(a)(2)) (A credit reporting agency must "notify the furnisher of the disputed information of the consumer's dispute within five business days of being notified by the consumer.").  Finally, Krier alleges that Experian notified United of Krier's dispute (*see* Complaint, ¶¶ 26, 88; Response at 7), but that United nonetheless failed to indicate the dispute when United furnished updated account information to Experian in December, 2018.  The court finds it reasonable to infer that Experian complied with its statutory duty under 15 U.S.C. § 1681i(a)(2) and notified United of Krier's dispute after receiving Krier's dispute

letter.  Accordingly, the court concludes that Krier has stated a claim for relief under 15 U.S.C. § 1692e(8) that is plausible on its face.

b.  *Section 1692d*

Krier alleges that United's failure to communicate Krier's dispute to Experian was "meant to shame, embarrass, and harass [Krier] by misrepresenting the" status of the alleged debt, in violation of 15 U.S.C. § 1692d.  Complaint at 8.  United argues that Krier has failed to state a claim under Section 1692d upon which relief may be granted.  The court agrees with United.

The FDCPA  prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Section 1692d contains a nonexhaustive list of prohibited conduct, which includes: "threats of violence; profane language; threatening to publish a list of customers who refuse to pay debts; advertising sale of the debt as a means of coercion; and repeatedly and continuously calling a consumer."  *Valdez v. Capital Management Services, LP*, No. CIV.A. B:09-246, 2010 WL 4643272, at *12 (S.D. Tex. Nov. 16, 2010).

Here, the court finds that United's alleged misconduct does not rise to the level of harassing, oppressive, or abusive conduct.  Krier alleges that United failed to report to Experian information about Krier's dispute that United knew or should have known.  Such conduct is neither among, nor remotely similar to, the examples

- 13 -

of harassing and abusive behavior listed in Section 1692d.  Accordingly, the court concludes that Krier has failed to state a plausible claim for relief under Section 1692d.  See *McGinnis v. Dodeka, LLC*, No. 4:09CV334, 2010 WL 1856450, at *4 (E.D. Tex. May 7, 2010) ("While Plaintiff's allegations may constitute misleading statements and while they may have been unfair, the Court finds that they do not rise to the level of abuse or harassment contemplated by [Section 1692d].").

c.  *Section 1692f*

Krier also claims that United's failure to communicate Krier's dispute to Experian amounted to a use "unfair and unconscionable means to attempt to collect the alleged debt," in violation of 15 U.S.C. § 1692f.  Complaint at 8.  United argues that Krier has failed to state a claim under Section 1692f upon which relief may be granted.  The court agrees with United.

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The FDCPA contains a nonexhaustive list of eight practices that constitute "unfair or unconscionable means."  *Id.*  "While the Supreme Court has not 'had the occasion to construe the terms unfair or unconscionable in § 1692f,' [the Court has] stated that 'the FDCPA's legislative history suggests that Congress intended these terms as a backstop that would enable courts, where appropriate, to proscribe other improper conduct . . . not specifically addressed by the statute.'"  *Reynolds v. Medicredit, Inc.*,

No. 5:18-CV-99-XR, 2019 WL 266974, at *5 (W.D. Tex. Jan. 18, 2019) (quoting *Midland Funding, LLC v. Johnson*, —— U.S. ——, 137 S. Ct. 1407, 1418 n.4 (2017)) (internal quotations and brackets omitted).  Accordingly, district courts in the Fifth Circuit, "in line with district courts elsewhere, have held that '[i]n light of § 1692f's legislative history . . . [a] claim under § 1692f must be based on either conduct within the listed provisions of § 1692f or based on conduct that does not violate another section of the FDCPA.'" *Id.* (quoting *Nolan v. Account Control Technology, Inc.*, No. A-17-CV-1184-SS, 2018 WL 1903147, at *5 (W.D. Tex. Feb. 23, 2018)).[3]

Here, Krier does not allege that United engaged in any of the eight practices specified as unfair or unconscionable under Section 1692f.  Rather, the conduct that Krier asserts was unfair or unconscionable is the same conduct that provides the basis for his claims under Sections 1692e(8) and 1692d: United's alleged failure to report Krier's dispute to Experian.  As discussed above, Krier's allegations, if proved true, would establish a violation of Section 1692e(8).  Thus, because Krier's Section 1692f claim is based on conduct that does not appear in the listed provisions of Section 1692f, but would violate another section of the FDCPA (*i.e.*, Section 1692e(8)),

---

[3]     See also *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) (noting "a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA.").

Krier's claim fails as a matter of law.  See *Nolan v. Account Control Technology, Inc.*, No. A-17-CV-1184-SS, 2018 WL 1903147, at *5 (W.D. Tex. Feb. 23, 2018) ("Because [the defendant]'s alleged misrepresentation . . . is prohibited by § 1692e and Plaintiff has alleged no other misconduct, the Court finds Plaintiff has failed to adequately plead a claim under § 1692f.").  Accordingly, the court concludes that Krier fails to state a claim for violation of Section 1692f.

### 3.   *Krier's Claim for Violation of Section 1681s-2(b)(1) of the FCRA*

Krier alleges that United violated the FCRA by failing to comply with various provisions of 15 U.S.C § 1681s-2(b)(1) after receiving  notice of Krier's dispute.[4] Complaint at 13.  Section 1681s-2(b)(1) imposes several duties on furnishers of information to a credit reporting agency who receive notice "of a dispute with regard to the completeness or accuracy of any information provided" to a consumer reporting agency.  15 U.S.C § 1681s-2(b)(1)(A)-(E).  United argues that Krier has failed to sufficiently allege that United received notice of Krier's dispute.  For the same reasons that the court rejects United's argument regarding Krier's claim under

---

[4]    Specifically, Krier alleges that United violated the provisions of Section 1681s-2(b)(1)(A)-(E) by: (A) failing to notate the debt as disputed after being contacted by Experian; (B) failing to consider all relevant information forwarded to United by Experian; (C) failing to report the notation of the disputed information to consumer reporting agencies; (D) failing to report to Experian that the information was being disputed; and (E) failing to appropriately modify, delete, or permanently block the reporting of Krier's alleged debt.  *See* Complaint at 13-14.

Section 1692e(8) of the FDCPA, the court finds United's argument regarding Krier's Section 1681s-2(b)(1) claim unpersuasive.

As discussed above, Krier alleges that he sent his dispute letter to Experian on April 27, 2018, and that Experian then contacted United about the dispute. Experian had a statutory obligation to notify United of the dispute within five business days of receipt of Krier's letter.  *See* 15 U.S.C. § 1681i(a)(2).  The court finds it reasonable to infer from these allegations that Experian complied with its statutory obligation to notify United of Krier's dispute.

United argues that Krier's claim is subject to dismissal because Krier fails to point to a "cognizable or otherwise identifiable communication between Experian and [United.]" Motion at 14.  This argument is inapposite; absent discovery, Krier has no way of knowing the specifics of any such communication between Experian and United.  The court concludes that, at the motion to dismiss stage, Krier's allegations that Experian received Krier's dispute letter and complied with Experian's statutory obligation to notify United of the dispute are sufficient to support Krier's Section 1681s-2(b) claim.

## III.  CONCLUSION

In accordance with the foregoing, United's motion to dismiss is **GRANTED** in part and **DENIED** in part.  Specifically, Krier's claims for violation of 15 U.S.C. §§ 1681s-2(a), 1692d, and 1692f are **DISMISSED.**  United's motion to dismiss is

- 17 -

**DENIED** with respect to Krier's claims under 15 U.S.C. § 1692e(8) and 15 U.S.C.

§ 1681s-2(b).

      **SO ORDERED**.

April 28, 2020.

_____
A. JOE FISH
Senior United States District Judge